## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID A. CIEMPA                        )
                                       )
              Plaintiff,               )
                                       )
vs.                                    )        Case. No. CIV-11-00347-GKF-FHM
                                       )
JUSTIN JONES, LEO BROWN,               )
MICHAEL T. OAKLEY AND                  )
RONALD A. ANDERSON,                    )
                                       )
              Defendants.              )

## DEFENDANTS' MOTION TO STAY DISCOVERY

COME NOW Defendants, Justin Jones, Leo Brown, Michael T. Oakley and Ronald Anderson, by and through the undersigned counsel and request that, pursuant to Fed.R.Civ.P. 26(c), this Court stay Defendants' obligation to respond to Plaintiff's 216 discovery requests that were mailed without a certificate of service pending its determination of their dispositive motion.  *See* Plaintiff's Discovery, attached as Exhibits 1- 17.

## STANDARD OF REVIEW

Rule 26(c) provides that a protective order may be issued "for good cause" and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Defendants bear the burden of showing good cause for entry of a protective order. *See, AG Equip. Co. v. AIG Life Ins. Co.*, 2008 WL 3992789 (N.D.Okla. Aug. 25, 2008). Under Rule 26(c), "'good cause' requires a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Samson Rscs. Co. v. J. Aron &*

*Co.*, 2009 WL 1606564, *1 (N.D.Okla. June 8, 2009); *citing AG Equip. Co.,* 2008 WL 3992789.

While Rule 26(c) stays are not routinely granted within the Tenth Circuit, the Court may, in its discretion, stay discovery pending the outcome of Defendants' dispositive motion. *See, Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir.2004). **A discovery stay pending a ruling on a dispositive motion is appropriate "where the case is likely to be finally concluded as a result of the ruling thereon, where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad Amended Complaint would be wasteful and burdensome."** *Samson*, 2009 WL 1606564 at *1; *quoting Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D.Kan.1990) (Emphasis added).

## PROPOSITION I

### THIS CASE IS LIKELY TO BE FINALLY CONCLUDED AS A RESULT OF THE COURT'S RULING ON DEFENDANTS' DISPOSITIVE MOTION; <u>THEREFORE, A STAY OF FURTHER DISCOVERY IS APPROPRIATE</u>

Plaintiff failed to exhaust his available administrative remedies prior to filing suit in this Court; therefore, his Amended Complaint [Doc. 6] must be dismissed pursuant to 42 U.S.C. § 1997e(a). Plaintiff also failed to make any plausible, non-conclusory allegations against Defendants. Plaintiff's 216-part discovery does not challenge Defendants' affirmative defense of non-exhaustion and cannot challenge their Fed.R.Civ.P. 12(b)(6) motion.  As a result, this case is likely to be finally concluded as a result of the Court's ruling upon

Defendants' dispositive motion [Doc. 29].  Consequently, a stay of further discovery is appropriate.

      **A.**     **Defendants Have Demonstrated That Mr. Ciempa's Amended Complaint Must be Dismissed Because He Failed to Exhaust His Available Administrative Remedies**

Plaintiff failed to exhaust his available administrative remedies.  *See* Defendants' Motion to Dismiss/Summary Judgment, Doc. 29, at 10.  According to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner is required to exhaust his administrative remedies on each claim he asserts prior to filing a lawsuit.  *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). No unexhausted claim may be considered in court.  *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 923, 166 L.Ed.2d 798 (2007).  Furthermore, a prisoner must exhaust each step of a prison system's grievance procedure in full compliance with the procedure's requirements.  *See Jones*, 127 S.Ct. at 922-34.  *See also, Jernigan v. Stuchell, et al.*, 304 F.3d 1030, 1032 (10th Cir.2002). Plaintiff failed to exhaust his available administrative remedies prior to filing suit - indeed, he still has not done so - and, as a result, 42 U.S.C. § 1997e(a) mandates the dismissal of his Amended Complaint.  Because Defendants raised the 42 U.S.C. § 1997e(a) bar in their dispositive motion and satisfied their burden of proving Plaintiff's failure to exhaust, it is likely that they will prevail on their dispositive motion.  Consequently, a stay of discovery pending resolution of Defendants' dispositive motion is appropriate and necessary.

**B.     Plaintiff Failed to State Valid RLUIPA or Free Exercise Claims; Therefore, Discovery Should be Stayed Pending Resolution of Defendants' Dispositive Motion**

The Tenth Circuit interprets RLUIPA to require that a Plaintiff demonstrate that "he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise, and (3) is subject to a substantial burden imposed by the government." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir.2010). However, Plaintiff's Amended Complaint does not link his desired ownership of various objects, including a crown, a flag and an unknown number of DVDs containing unspecified content, to any religious exercise that he sincerely believes that he must engage in.  Absent a mandated religious exercise, neither his RLUIPA nor his First Amendment rights have been substantially burdened.  As a result, it is likely that Defendants shall prevail on their Fed.R.Civ.P. 12(b)(6) motion.

**C.     Plaintiff's Claims Against Oakley and Anderson Are Barred by the Abstention Doctrine and Deficient Under Fed.R.Civ.P. 12(b)(6); Therefore, a Stay of Discovery is Appropriate**

Plaintiff's Amended Complaint seeks to impose liability under 42 U.S.C. § 1983 for legal advice rendered by Anderson and Oakley concerning a question of first impression in the State of Oklahoma:

> Whether RLUIPA requires that members of the Nations of Gods and Earths - a racial-supremacist group that has been categorized as a Security Threat Group by several state correctional agencies, is under active law enforcement investigation and whose Oklahoma members attempted to obtain military Field Manuals containing instructions on small unit

> tactics and hand-to-hand combat - be recognized as a religion and given access to communal activities rooms in ODOC facilities.

Plaintiff placed this question before this Court in a different, ongoing case. *See* Docket, CIV-08-685-CVE. Consequently, Defendants' dispositive motion requested that the Court abstain from hearing Plaintiff's claims against Oakley and Anderson until the conclusion of Plaintiff's case addressing the same issue. *See* Defendants' Doc. 29, at 23. In the alternative, Defendants argued that Plaintiff failed to state a valid claim because 42 U.S.C. § 1983 only authorizes actions seeking to enforce federal rights where there has been a *deliberate* deprivation of constitutional rights by the defendant rather than negligence. *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir.1995). *See also*, *Wilson v. Meeks*, 52 F.3d 1547, 1558 (10th Cir.1995), *after remand*, 98 F.3d 1247, 1255 (10th Cir.1996) ("It is well-settled that negligent acts or omissions will not support a cause of action under section 1983."). Plaintiff's allegations concerning Anderson and Oakley's intent were utterly conclusory; therefore, he failed to plausibly state a valid claim against either Defendant. As a result of Plaintiff's failure to state a valid claim, a stay of discovery is appropriate.

### PROPOSITION II

### PLAINTIFF FAILED TO EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES OR STATE A VALID CLAIM; THEREFORE, DISCOVERY ON ALL ISSUES OF HIS BROAD, BUT FACIALLY-DEFICIENT AMENDED <u>COMPLAINT WOULD BE WASTEFUL AND BURDENSOME</u>

Congress, in enacting the PLRA, expressed its intent to reduce the burden imposed on federal courts and state correctional agencies by inmate litigation and its belief that

requiring exhaustion provided state correctional agencies - as the best-situated governmental body - the opportunity to remedy violations of inmates' federal rights without resort to litigation.   Congress' policy goals are completely frustrated when an inmate who has failed to exhaust his administrative remedies nevertheless files suit and attempts to conduct broad-based, wasteful and burdensome discovery.  That is precisely what is occurring in the instant matter.

Defendants have raised their affirmative defense of failure to exhaust administrative remedies and have met their burden of proof.  Plaintiff now bears the burden to demonstrate that he exhausted each of his available administrative remedies.  But, he has made no attempt to conduct focused discovery aimed at demonstrating that he exhausted, his efforts to exhaust were deliberately frustrated, or his remedies were otherwise rendered unavailable.  Instead, he has mailed - without a certificate of service - 216 discovery requests that address all issues of his broad, facially-deficient Amended Complaint and more.  Amongst the 216 discovery requests are Interrogatories and Requests for Production that seek information concerning other inmates and other lawsuits, including issues raised in his prior, ongoing lawsuit in this Court.   He also seeks information that would jeopardize ongoing law enforcement investigations.

To date, Defendants have cooperated, to the fullest extent possible, with Plaintiff's discovery.  However, Plaintiff refuses to accept Defendants' good faith efforts to provide responsive answers to his discovery.   Instead, he calls Defendants his "oppressor" and

accuses them of bad faith.  *See* Plaintiff's Correspondence, dated March 7, 2012 (attached as Exhibit 18).   He refuses to accept that when past and future verb tenses are used in the same Interrogatory, it is reasonable for a defendant to be confused.  *Id.*, at 2 (addressing Anderson's Answer to Interrogatory No. 6).  Plaintiff demands that Defendants produce documents concerning another inmate, despite the fact that ODOC does not deliberately provide one inmate with confidential information about another inmate because doing so could jeopardize prison security.  *Id.* (addressing Oakley's Response to Requests for Production Nos. 3 - 12).  Plaintiff also demands that Defendants Anderson, Oakley and Jones produce an email that Plaintiff alleges exists, but that he admits Anderson, Oakley and Jones neither sent nor received.  *Id.*, at 1 (addressing Oakley's Response to Request for Production No. 2).

Plaintiff was not satisfied with how he phrased his Requests for Admissions directed to Defendants Anderson, Brown and Jones.  Consequently, he has mailed what he dubs "First Amended Requests for Admissions."  *See* Exs. 4, 8 and 12.  Plaintiff conveyed to Defendants that his Request for Admissions to Anderson were flawed by an unintentional error.  *See* Ex. 18, at 2.  Defendants acted in good faith and responded to Plaintiff's Amended Requests for Admissions to Anderson.  However, Plaintiff provided no explanation for his Amended Requests for Admissions to Jones and Brown.  The Amended Requests for Admissions do not address the claims raised in Plaintiff's Amended Complaint.  *See* Ex. 12, "First Amended Requests for Admissions to Justin Jones;" *see also* Ex. 8 "First Amended Requests for

Admissions to Leo Brown." Instead, they focus upon whether NGE has been designated a Security Threat Group and why OP-030112 does not expressly identify every source of federal and state law that is potentially applicable to an inmate's religious practice. *Id.* Jones and Brown are high-level ODOC officials with many pressing demands for their time and attention. Plaintiff's inexplicable Amended Requests for Admissions and Second Interrogatories and Second Requests for Production should not be permitted to distract from the more important things they need to do in order to facilitate ODOC's operation.

## PROPOSITION III

### THE FACTS SOUGHT THROUGH UNCOMPLETED DISCOVERY WILL NOT ALTER THE COURT'S RULING ON DEFENDANTS' DISPOSITIVE MOTION; THEREFORE, DISCOVERY SHOULD BE STAYED

None of Plaintiff's discovery seeks information concerning his failure to exhaust his available administrative remedies. Moreover, discovery cannot alter the results of this Court's plausibility inquiry made pursuant to Fed.R.Civ.P. 12(b)(6). Finally, Defendants have already responded to and denied Plaintiff's motives-based inquiries into the content of OP-030112. As a result, Plaintiff's remaining discovery consists of: (1) repetitive motives-based inquiries that are wasteful and burdensome[1]; (2) attempts to acquire information about

---

[1]*See* Ex. 8, First Amended Requests for Admissions to Leo Brown, at Admission Nos. 1 - 25; compare to Ex. 6. First Requests for Admissions to Leo Brown, at Admission Nos. 1 - 13. *See also*, Ex. 12, First Amended Requests for Admissions to Justin Jones, at Admission Nos. 1 - 24; compare to Ex. 10, First Requests for Admissions to Justin Jones, at Admission Nos. 1 - 12.

other inmates that could pose a threat to prison security[2]; (3) attempts to gain information

concerning his other lawsuit in this Court[3]; and (4) attempts to gain information concerning

ODOC's Internal Affairs Unit and its classification of NGE as a Security Threat Group.[4]

Because Plaintiff's uncompleted discovery shall not alter this Court's ruling on Defendants'

dispositive motion, a stay of discovery is appropriate.  *See  Samson*, 2009 WL 1606564 at

*1 (internal citations omitted).

**PROPOSITION IV**

**EACH OF THE ADDITIONAL FACTORS THAT THE COURT MAY
CONSIDER WEIGH IN FAVOR OF DEFENDANTS' REQUEST
<u>FOR A STAY OF DISCOVERY</u>**

There are several additional factors this Court may consider in deciding whether to

grant a stay of discovery, including:

1.      Plaintiff's interests in proceeding expeditiously with the civil action and the

        potential prejudice to him of a delay;

2.      The burden on Defendants of the proposed discovery;

---

[2]*See* Ex.2, Request for Production to Anderson, at Nos. 5, 7 - 8, 10 and 11; *see also* Ex. 7, Request for Production to Brown, at Nos. 5, 7 - 8, 10 and 11; Ex. 11, Request for Production to Jones, at Nos. 5, 7 - 8, 10 and 11.

[3]*See* Ex. 3, First Interrogatories to Anderson, at Nos. 4, 8 - 12, 20 - 23; *see also*, Ex. 17, First Interrogatories to Oakley, at Nos. 4, 8 - 12, 20 - 23.

[4]*See* Ex. 15, Second Request for Production to Justin Jones, at Nos. 13 and 14.  *See also*, Ex. 9, Second Request for Production of Documents to Leo Brown, at Nos. 13 and 14.  *See also*, Ex. 14, Second Interrogatories to Justin Jones, at No. 25.  *See also*, Ex. 3, First Interrogatories to Anderson, at Nos. 8 - 11, 21. These requests are not relevant to Defendants' affirmative defense of non-exhaustion or their Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), and Defendants responses would jeopardize ongoing investigations by other law enforcement agencies.

      3.      Convenience to the Court;

      4.      The interests of persons not parties to the civil litigation; and

      5.      The public interest.

*See, Schmaltz v. Smithkline Beecham Corp.*, 2008 WL 3845260, at *1 (D.Colo. Aug. 15, 2008).  As shown in Propositions I - III, the second factor weighs in Defendants' favor because Plaintiff's discovery has already severely burdened Defendants and will continue to place an ongoing, onerous burden upon them if Plaintiff is permitted to continue his course uncorrected.  Factors 1 and 3 - 5 also weigh in Defendants favor; therefore, a stay of discovery pending this Court's ruling upon Defendants' dispositive motion is appropriate under the circumstances.

Factors 3 and 5 weigh particularly heavily in Defendants' favor.  Plaintiff has expressed his intent to dispute not only the sufficiency of Defendants' prior discovery responses, but also their professionalism and ability to comprehend incoherent or flawed grammar. *See* Ex. 18.  This case shall be finally resolved by Defendants' dispositive motion and Plaintiff's discovery will not alter the result, this Court should not be continuously burdened by frivolous discovery disputes. Similarly, the public interest should not be harmed by Plaintiff's discovery.  The NGE is the subject of ongoing investigations by law enforcement.  ODOC's Internal Affairs Unit should not be required to jeopardize those investigations by being forced to provide all of the information that it possesses concerning the NGE.

## CONCLUSION

Defendants respectfully request that, pursuant to Fed.R.Civ.P. 26(c), this Court grant their Motion to Stay Discovery pending its ruling on their Motion to Dismiss/Summary Judgment.

Respectfully submitted,

s/ Craig M. Regens
**CRAIG M. REGENS, OBA # 22894**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK   73105
Tele: (405) 521-3921   Fax: (405) 528-1867
Craig.Regens@oag.ok.gov
*Attorney for Defendants Justin Jones, Leo Brown,*
*Michael T. Oakley and Ronald A. Anderson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2012, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal by U.S. Mail to the following person who is not an ECF registrant:

David A. Ciempa, #233589
Dick Conner Correctional Center
P.O. Box 220
Hominy, Oklahoma   74035

s/ Craig M. Regens
Craig M. Regens

-11-