## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID A. CIEMPA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-CV-347-GKF-FHM ) |
| JUSTIN JONES; LEO BROWN; MICHAEL T. OAKLEY; RONALD A. ANDERSON, | ) ) ) ) |
| Defendants. | ) ) |

### OPINION AND ORDER

This is a civil action commenced by Plaintiff, a *pro se* prisoner incarcerated at Dick Conner Correctional Center, Hominy, Oklahoma. On November 28, 2011, Defendants filed a Special Report (Dkt. # 28), a supplement to the Special Report (Dkt. # 27), and a motion to dismiss/summary judgment and brief in support (Dkt. #s 29, 30). Plaintiff has filed motions to postpone summary judgment (Dkt. # 31), to stay (Dkt. # 32), for preliminary injunction (Dkt. # 36), and to compel discovery (Dkt. # 42). Defendants have filed a motion to stay discovery (Dkt. # 38). For the reasons discussed below, Plaintiff's motion to stay shall be declared moot, Plaintiff's motions to postpone summary judgment, for preliminary injunction, and to compel discovery shall be denied. Defendants' motion to stay discovery shall be granted. Plaintiff shall file a response to Defendants' motion to dismiss/summary judgment within twenty-one (21) days of the entry of this Order. Defendants may file a reply within fourteen (14) days of the filing of Plaintiff's response.

### *BACKGROUND*

In his complaint, Plaintiff invokes the Court's jurisdiction under 42 U.S.C. § 1983; 28 U.S.C. §§ 1343(a)(3) and 1367; and 42 U.S.C. § 2000cc, et seq., the Religious Land Use and Institutionalized Persons Act (RLUIPA). See Dkt. # 1. Plaintiff claims to be an adherent of the

Nation of Gods and Earths (NGE) and identifies four (4) counts: (1) Defendant Brown refused to consider his request to purchase and possess a Universal Flag and Universal Crown; (2) Defendant Brown refused to consider his request to purchase, store and use oils; (3) Defendant Brown refused to consider his request to purchase, store and use DVDs; and (4) Defendants Oakley and Anderson negligently advised Defendant Brown throughout his decision-making process regarding Plaintiff's requests pertaining to his "cultural exercise" and "cultural practice" of NGE. See Dkt. # 1. Plaintiff also alleges that Defendant Jones has liability because he "supported and approved" the actions of Defendant Brown described in Counts 1, 2, and 3, and the professionally negligent advice provided by Defendants Oakley and Anderson described in Count 4. Id. Plaintiff claims that Defendants' actions violate his First Amendment freedoms of speech and religion, Fourteenth Amendment rights to substantive and procedural due process and equal treatment, and his rights under RLUIPA. See id. In his request for relief, Plaintiff seeks declaratory and injunctive relief against each defendant in their official capacities; and nominal, compensatory and punitive damages from each defendant in their individual capacities in the amount of one million dollars ($1,000,000.00). Id.

In their motion to dismiss/summary judgment (Dkt. #s 29, 30), Defendants assert that (1) Plaintiff failed to exhaust available administrative remedies prior to filing this lawsuit, (2) Plaintiff's RLUIPA claims fail as a matter of law, (3) Plaintiff's due process claims fail, (4) Plaintiff's equal protection claims fail, and (5) Plaintiff's claims against Defendants Oakley and Anderson must be dismissed because 42 U.S.C. § 1983 does not create a generalized federal tort cause of action. Plaintiff has not filed a response to Defendants' motion to dismiss/summary judgment, instead requesting to postpone summary judgment until completion of discovery.

### *DISCUSSION*

**A. Motion to stay is moot**

On December 19, 2011, Plaintiff filed a request to stay this proceeding (Dkt. # 32). He stated that he had been placed in his facility's Segregated Housing Unit (SHU) "pending an investigation into an alleged attempted escape plot." See Dkt. # 32. Plaintiff further explained that, since being place in SHU, he had been precluded from accessing his legal property and the law library. Id. For that reason, Plaintiff asked that this action be stayed until he is released from SHU. Id. On January 3, 2012, the Clerk of Court received a letter from Plaintiff (Dkt. # 34) stating that he was released from SHU on December 28, 2011. Because Plaintiff is no longer in SHU, his request to stay this action has been rendered moot.

**B. Motion for preliminary injunction**

On March 6, 2012, Plaintiff filed a motion for preliminary injunction (Dkt. # 36), requesting that Defendants be enjoined from denying his possession of Universal Flag and Crown, use of DVDs, and oils. Defendants filed a response (Dkt. # 39). Plaintiff filed a reply (Dkt. # 40). "To obtain a preliminary injunction, the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." Att'y Gen. of Okla. v. Tyson Foods, Inc., 565 F.3d 769, 776 (10th Cir. 2009) (quotation omitted). Upon review of the record in this case, the Court finds Plaintiff has failed to establish either a likelihood of success on the merits or that the balance of hardships and the public interest weigh in his favor. His motion for a preliminary injunction shall be denied.

**C. Motions relating to discovery**

On December 8, 2011, Plaintiff filed a motion to postpone summary judgment pursuant to Fed. R. Civ. P. 56(f)[1] (Dkt. # 31). Plaintiff bases his request on his stated intention to engage in discovery. On March 14, 2012, Defendants filed a motion to stay discovery (Dkt. # 38), arguing that because it is likely they will prevail on their dispositive motion, a stay of discovery is appropriate and necessary. Plaintiff filed a response (Dkt. # 41) to Defendants' motion to stay discovery. On March 20, 2012, Plaintiff filed a motion to compel discovery (Dkt. # 42). Defendants filed a response (Dkt. # 43) to Plaintiff's motion to compel and Plaintiff filed a reply (Dkt. # 44).

"A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that explains why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006) (quotation omitted); see also Garcia v. U.S. Air Force, 533 F.3d 1170, 1179 (10th Cir. 2008) ("A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.") (quotations omitted). In this case, Plaintiff provides his declaration under penalty of perjury, see Dkt. # 31, attachment, explaining the discovery he intends to seek, but he fails to explain how the additional material will rebut Defendants' motion to dismiss/summary judgment. Significantly, Plaintiff does not claim that discovery is necessary to rebut Defendants' argument that they are entitled to summary judgment based on Plaintiff's failure

---

[1] Pursuant to the 2010 amendments to Fed. R. Civ. P. 56, effective December 1, 2010, the provisions of former subdivision (f) are now found in subdivision (d).

to exhaust administrative remedies. Therefore, the Court shall deny Plaintiff's motion to postpone summary judgment.

Defendants request that discovery be stayed pending resolution of their motion to dismiss/summary judgment. A stay of discovery until after resolution of a pending dispositive motion is appropriate "where the case is likely to be finally concluded as a result of the ruling thereon, where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome." Kutilek v. Gannon, 132 F.R.D. 296, 298 (D. Kan. 1990). Defendants seek summary judgment based, in part, on Plaintiff's alleged failure to exhaust administrative remedies. The discovery sought by Plaintiff is unrelated to the exhaustion issue, see Dkt. # 38, Exs. 1-18, and is unnecessary if he in fact failed to exhaust administrative remedies. In addition, Defendants seek dismissal of some claims under Fed. R. Civ. P. 12(b)(6). At this point, discovery on all issues of the complaint would be wasteful and burdensome. For those reasons, Defendants' motion to stay discovery shall be granted and Plaintiff's motion to compel discovery shall be denied. See Samson Rscs. Co. v. J. Aron & Co., 2009 WL 1606564, *1 (N.D. Okla. June 8, 2009).[2] Should Plaintiff's claims survive summary judgment, an appropriate order concerning discovery will be entered.

### D. Plaintiff shall file a response to Defendants' dispositive motion

Plaintiff shall file a response to Defendants' motion to dismiss/summary judgment (Dkt. #s 29, 30) within twenty-one (21) days of the entry of this Order. Plaintiff is reminded that failure to

---

[2]This unpublished decision is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

5

file a response could result in the entry of relief requested in the motion. See LCvR 7.2(e),(f). Defendants may file a reply within fourteen (14) days of the filing of Plaintiff's response.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's motion to stay (Dkt. # 32) is **declared moot**.

2. Plaintiff's motion for preliminary injunction (Dkt. # 36) is **denied**.

3. Plaintiff's motions to postpone summary judgment (Dkt. # 31) and to compel discovery (Dkt. # 42) are **denied**.

4. Defendants' motion to stay discovery (Dkt. # 38) is **granted**.

5. Plaintiff shall file a response to Defendants' motion to dismiss/summary judgment (Dkt. #s 29, 30) within twenty-one (21) days of the entry of this Order, or on or before **May 23, 2012**. **Failure to file a response could result in the entry of relief requested in the motion. See LCvR 7.2(e),(f).**

6. Defendants may file a reply within fourteen (14) days of the filing of Plaintiff's response.

DATED THIS 2nd day of May, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT