**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID A. CIEMPA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-347-GKF-FHM |
| | ) |
| JUSTIN JONES; LEO BROWN; | ) |
| MICHAEL T. OAKLEY; | ) |
| RONALD A. ANDERSON, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action, commenced by Plaintiff, a state prisoner appearing *pro se*. When Plaintiff filed his complaint, he was incarcerated at Dick Conner Correctional Center (DCCC). On June 28, 2011, Plaintiff filed an amended complaint (Dkt. # 6). Plaintiff identifies the four (4) named defendants as Justin Jones, Director of the Oklahoma Department of Corrections (ODOC); Leo Brown, the ODOC Agency Chaplain; and Michael T. Oakley and Ronald A. Anderson, attorneys employed in the Office of General Counsel for ODOC. See Dkt. # 6. On November 28, 2011, Defendants submitted a Special Report (Dkt. # 28), a supplement to the Special Report (Dkt. # 27), and a motion to dismiss/motion for summary judgment and brief in support (Dkt. ## 29, 30). Plaintiff filed a response (Dkt. # 53), and Defendants filed a reply to the response (Dkt. # 54). For the reasons discussed below, the Court finds Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies shall be granted as to Counts 1, 2, and 3. In addition, Defendants' motion to dismiss Count 4 for failure to state a claim shall be granted.

## BACKGROUND

By Opinion and Order filed May 2, 2012 (Dkt. # 45), the Court denied Plaintiff's motion for preliminary injunction,[1] and provided a summary of the procedural background relevant to the motions pending at that time. That background shall be partially repeated and supplemented here.

In his amended complaint, Plaintiff invokes the Court's jurisdiction under 42 U.S.C. § 1983; 28 U.S.C. §§ 1343 (a)(3) and 1367; and 42 U.S.C. § 2000cc, et seq., the Religious Land Use and Institutionalized Persons Act (RLUIPA). See Dkt. 6. Plaintiff states he is an adherent of the Nation of Gods and Earths (NGE), and identifies four (4) counts, summarized by the Court, as follows:

| | |
|---|---|
| Count 1: | Defendant Brown refused to consider his request to purchase and possess a Universal Flag and Universal Crown. |
| Count 2: | Defendant Brown refused to consider his request to purchase, store and use oils. |
| Count 3: | Defendant Brown refused to consider his request to purchase, store and use DVDs. |
| Count 4: | Defendants Oakley and Anderson "grossly negligently" advised Defendant Brown throughout Brown's decision making process regarding Plaintiff's requests for space and time in his facility's chapel, as asserted in N.D. Okla. Case No. 08-CV-685-CVE-TLW. |

(Dkt. # 6). Further, in all four counts, Plaintiff alleges that Defendant Jones is liable because he "supported and approved" the actions of Defendant Brown.

The events giving rise to Plaintiff's claims occurred at DCCC, located in Hominy, Oklahoma. In his request for relief, Plaintiff states as follows:

---

[1] Plaintiff appealed the Court's order denying his request for a preliminary injunction to the Tenth Circuit Court of Appeals. See Dkt. # 47. On February 20, 2013, in Case No. 12-5088, the Circuit Court affirmed this Court's ruling and noted that Plaintiff failed to comply with grievance procedures because "there is no evidence that he ever filed compliant appeals." See Dkt. # 59 at 7.

> I believe I am entitled to the following relief: *See* 42 U.S. C. §§ 2000cc-2(a) & 5(4)(A)(iii). Declaratory and Injunctive Relief against each Defendant, jointly and severally, in their Official capacities, Nominal, Compensatory and Punitive Damages from each Defendant, jointly and severally, in their Individual capacities to the amount of One Million Dollars ($1,000,000.00), exclusive of court costs or attorneys fees. Also, amend any and all other Relief this Honorable Court may deem Proper, Just and Fair.

(Dkt. # 6 at 10).

In response to the amended complaint, Defendants filed a motion to dismiss/motion for summary judgment (Dkt. ## 29, 30) asserting five (5) bases for entry of summary judgment, as follows: (1) Plaintiff failed to exhaust available administrative remedies prior to filing this lawsuit, (2) Plaintiff's RLUIPA claims fail as a matter law, (3) Plaintiff's due process claim fails, (4) Plaintiff's equal protection claim fails, and (5) Plaintiff's claims against Defendants Oakley and Anderson must be dismissed because 42 U.S.C. § 1983 does not create a generalized federal tort cause of action. Plaintiff filed a response (Dkt. # 53) to Defendants' motion to dismiss/motion for summary judgment in which he contends that he exhausted all "available" administrative remedies, and that his claims against Defendants Anderson and Oakley are sufficient to be heard.

## *ANALYSIS*

### A. Summary judgment standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "However, the nonmoving party may not rest on

3

its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Id. The Court cannot resolve material factual disputes at summary judgment based on conflicting affidavits. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). However, the mere existence of an alleged factual dispute does not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Only material factual disputes preclude summary judgment; immaterial disputes are irrelevant. Hall, 935 F.2d at 1111. Similarly, affidavits must be based on personal knowledge and set forth facts that would be admissible in evidence. Id. Conclusory or self-serving affidavits are not sufficient. Id. If the evidence, viewed in the light most favorable to the nonmovant, fails to show that there exists a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250.

Where a *pro se* plaintiff is a prisoner, a court authorized Special Report prepared by prison officials may be necessary to aid the Court in determining possible legal bases for relief for unartfully drawn complaints. See Hall, 935 F.2d at 1109. The Court may treat the Special Report as an affidavit in support of a motion for summary judgment, but may not accept the factual findings of the report if the plaintiff has presented conflicting evidence. Id. at 1111. The plaintiff's complaint may also be treated as an affidavit if it is sworn under penalty of perjury and states facts based on personal knowledge. Id. The Court must also construe a plaintiff's *pro se* pleadings liberally for purposes of summary judgment. Haines v. Kerner, 404 U.S. 519, 520 (1972). When reviewing a motion for summary judgment it is not the judge's function to weigh the evidence and determine the truth of the matter but only to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

4

**B. Dismissal standard**

Federal courts must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**C. Exhaustion of Administrative Remedies (Counts 1, 2, and 3)**

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 548 U.S. 81 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s exhaustion requirement. Booth, 532 U.S. at 741 n. 6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

To satisfy the exhaustion requirement, an inmate must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of is proceedings." Ngo, 548 U.S. at 90-91. As a

result, "the PLRA exhaustion requirement requires proper exhaustion." Id. at 93; see also Jones v. Bock, 549 U.S. 199 (2007); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). When a prisoner's claim has been rejected by prison authorities on procedural grounds, that claim "should be dismissed from the plaintiff's complaint with prejudice." Kikumura v. Osagie, 461 F.3d 1269, 1290 (10th Cir. 2006), *overruling on other grounds recognized in* Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

### 1. Uncontroverted facts (Counts 1, 2, and 3)

The ODOC has promulgated a procedure, OP-090124, for offender grievances. See Dkt. # 27-1. First, an offender must try to resolve his complaint informally. If not resolved informally, he must submit a Request to Staff (RTS), within seven calendar days of the incident, to the appropriate staff member. If the complaint is not resolved, then the offender may submit a formal grievance, using the Offender Grievance Report Form (GRF), within 15 calendar days of the incident or the date of the response to the RTS, whichever is later. The GRF is reviewed and a Grievance Response from the reviewing authority is issued. An inmate may appeal the grievance response, within 15 calendar days or receipt of the response, upon specified grounds only. The Administrative Review Authority (ARA), or chief medical officer, as appropriate, performs the final review of an appeal and issues a ruling. Such ruling is ODOC's final ruling.

The summary judgment record before the Court, see Dkt. # 28, provides the following chronology of Plaintiff's efforts to exhaust administrative remedies for Counts 1, 2, and 3:

**DCCC 09-058 (Count 1 -- Flag and Crown)**

- On 8/2/09, Plaintiff submits a RTS (addressed to DCCC Chaplain Johnson) asking to purchase a "necklace, Universal Flag," and "headgear, Crown" which conform to NGE beliefs. See Dkt. # 28-5 at 2.

7

- On 8/21/09, Johnson responds and states that the items are not listed on the ODOC's policy regarding allowable items and vendors. He also advises Plaintiff, "If you wish to appeal then send me that request and I will forward it to the Agency Chaplain in Oklahoma City." Id.

- On 8/21/09, Plaintiff completes an inmate/offender grievance report form, referencing the rejection of his request to purchase a crown and the Universal Flag. The report is sent to G. Province, Warden at DCCC. It is assigned grievance # DCCC 09-058. See Dkt. # 28-5 at 4.

- A grievance response from G. Province, dated 8/27/09, states that "per OP-030112"[2] Plaintiff's grievance report form has been forwarded to the Religious Services Unit, where it will be considered by the agency chaplain. The response indicates that it covers grievance numbers "09-58, 59, & 60." See Dkt. # 28-5 at 6.

- On 8/28/09, Plaintiff completes a Grievance Appeal Form, referencing grievance numbers "09-58, 59, 60." His handwritten supporting argument references all three grievance numbers. See Dkt. # 28-5 at 7-8.

- On September 15, 2009, Debbie L. Morton signs a form advising Plaintiff that his grievance was being returned unanswered for the following reason: "Mr. Ciempa you have listed 3 different grievance numbers you need to appeal each one separately and in accordance with OP-090124." See Dkt. # 28-5 at 9.

---

[2] OP-030112 specifies additional remedies available after a facility refers religious practices grievances to the Agency chaplain for Review, as follows:

If an offender has requested a specific religious accommodation that was denied by the facility head or facility chaplain, that decision will be reviewed by the general counsel and the agency chaplain and/or their designees. This religious practice review will be conducted regularly to review all pending requests that were denied at the facility level.

   a. Should this review result in a recommendation to approve the practice, the recommendation will be forwarded to agency senior staff prior to implementation.

   b. Should the religious practice review result in a denial, the offender may pursue his/her available remedies as provided by OP-090124 entitled "Offender Grievance Process."

See Dkt. # 28-4, OP-030112, Section V(A)(2).

**DCCC 09-059 (Count 3 -- DVDs)**

- On 8/2/09, Plaintiff submits a RTS (addressed to Chaplain Johnson) asking to purchase DVDs of a cultural (religious) nature relating to NGE beliefs. See Dkt. # 28-6 at 2.

- On 8/21/09, Chaplain Johnson denies the request, stating that DVDs are not allowed as personal possessions. Id.

- On 8/21/09, Plaintiff completes an inmate/offender grievance report form, referencing the rejection of his request to purchase and view DVDs. The report is sent to G. Province, Warden at DCCC. It is assigned grievance # DCCC 09-059. See Dkt. # 28-6 at 3-4.

- A grievance response from G. Province, dated 8/27/09, states that "per OP-030112," Plaintiff's grievance report form has been forwarded to the Religious Services Unit, where it will be considered by the agency chaplain. The response indicates that it covers grievance numbers "09-58, 59, & 60." See Dkt. # 28-6 at 7.

- On 8/28/09, Plaintiff completes a Grievance Appeal Form, referencing grievance numbers "09-58, 59, 60." His handwritten supporting argument references all three grievance numbers. See Dkt. # 28-6 at 8-9.

- On September 15, 2009, Debbie L. Morton signs a form advising Plaintiff that his grievance was being returned unanswered for the following reason: "Mr. Ciempa you have listed 3 different grievance numbers you need to appeal each one separately and in accordance with OP-090124." See Dkt. # 28-6 at 10.

**DCCC 09-060 (Count 2 -- Oils)**

- On 8/12/09, Plaintiff submits a RTS (addressed to DCC Chaplain Johnson) asking to purchase oils relating to NGE beliefs. See Dkt. # 28-7 at 2.

- On 8/21/09, Chaplain Johnson denies the request, stating that oils are not allowed as personal possessions, nor are they provided by policy for Plaintiff's faith group. He tells Plaintiff that, to appeal, he must make a request to the agency chaplain in Oklahoma City. Id.

- On 8/21/09, Plaintiff completes an inmate/offender grievance report form, referencing the rejection of his request for oils. The report is sent to G. Province, Warden at DCCC. It is assigned grievance # DCCC 09-060. See Dkt. # 28-7 at 3-4.

- A response from G. Province, dated 8/27/09, states that "per OP-030112," Plaintiff's grievance report form has been forwarded to the Religious Services Unit, where it

9

- will be considered by the agency chaplain. The response indicated that it covers grievance numbers "09-58, 59, & 60." See Dkt. # 28-7 at 5.

- On 8/28/09, Plaintiff completes a Grievance Appeal Form, referencing grievance numbers "09-58, 59, 60." His handwritten supporting argument references all three grievance numbers. See Dkt. # 28-7 at 8-9.

- On September 15, 2009, Debbie L. Morton signs a form advising Plaintiff that his grievance was being returned unanswered for the following reason: "Mr. Ciempa you have listed 3 different grievance numbers you need to appeal each one separately and in accordance with OP-090124." See Dkt. # 28-7 at 10.

Plaintiff has not provided any evidence demonstrating that he resubmitted the three grievance appeals according to established ODOC procedures.

### 2. Defendants are entitled to judgment as a matter of law

The Court finds that the evidence cited above, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to whether Plaintiff satisfied the exhaustion requirement of the PLRA prior to commencing this action. Plaintiff's claims in this case fall squarely within the PLRA's exhaustion requirement because Plaintiff was "confined in any jail, prison, or other correctional facility" when his claims arose. Cf. Robbins v. Chronister, 402 F.3d 1047, 1054 (10th Cir. 2005) ("Constitutional claims arising *before* the events causing the plaintiff's incarceration are unrelated to prison confinement."). In support of their dispositive motion, Defendants present evidence demonstrating that Plaintiff failed to exhaust his administrative remedies because he did not resubmit any of the three grievance appeals after he was told they must be submitted separately and in accordance with OP-090124. See Dkt. # 27-2, Affidavit of Debbie L. Morton. The record before this Court demonstrates that Plaintiff failed to complete the administrative grievance process. Nothing in the record suggests that Plaintiff ever resubmitted his grievance appeals after being advised they were not in compliance with OP-090124, even though

he was provided instructions by Ms. Morton for properly exhausting the administrative appeals. Nothing in the record suggests that Plaintiff followed her instructions.

In response to Defendants' motion for summary judgment, Plaintiff relies upon an interoffice memorandum from Unit Manager Larry D. Cave to Warden Province in which Plaintiff claims he was granted the relief requested through his grievances. See Dkt. # 53 at 3. Contrary to Plaintiff's assertions, nothing in the memorandum states that Plaintiff was granted the relief requested in his grievances. See Dkt. # 28-6 at 5. The memorandum clearly states that Plaintiff's requests were being forwarded to the Agency Chaplain for further consideration pursuant to OP-030112. Id. The memorandum served to grant Warden Province's request, not Plaintiff's, and to close the matter at the facility level. Id. Plaintiff also states that he has exhausted all "available" remedies. See Dkt. # 53 at 3. The Court disagrees, as explained above. Plaintiff has not provided evidence suggesting that he filed three separate grievance appeals, as instructed by Debbie Morton (Dkt. #s 28-5 at 9; 28-6 at 10; and 28-7 at 10), and as set forth in OP-090124, Section VII(B)(1)(d). (Dkt. # 27-1 at 11). Instead, evidence provided by Defendants demonstrates that Plaintiff failed to resubmit his grievance appeals as instructed. See Dkt. # 27-2, Affidavit of Debbie L. Morton at ¶ 7. Based on that evidence, the Court finds Plaintiff has failed to controvert Defendants' summary judgment evidence demonstrating that he did not properly follow grievance procedures for the claims asserted in Counts 1, 2, and 3.

Ordinarily, a dismissal based on failure to exhaust administrative remedies is without prejudice, because a failure to exhaust is "often a temporary, curable, procedural flaw." Kikumura, 461 F.3d at 1290 (citation omitted). However, in this case, given the passage of time since the events giving rise to Plaintiff's claims as asserted in Counts 1, 2, and 3, Plaintiff's failure to exhaust is not

11

"a temporary, curable, procedural flaw." See id. at 1290. As a result, Plaintiff has procedurally defaulted his claims set forth in his amended complaint, and the claims asserted in Counts 1, 2, and 3 of amended complaint shall be dismissed with prejudice. Id.

In summary, upon careful review of the record, the Court finds that Plaintiff has not controverted Defendants' summary judgment evidence demonstrating that he failed to follow ODOC procedures for exhausting administrative remedies for the claims raised in Counts 1, 2, and 3 of the amended complaint. The evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to the exhaustion issue. Therefore, the Court concludes Defendants are entitled to judgment as a matter of law and their motion for summary judgment shall be granted as to Counts 1, 2, and 3. Those counts shall be dismissed with prejudice.

**D. Count 4 shall be dismissed**

In Count 4, Plaintiff alleges that Defendants Anderson and Oakley, attorneys in the Office of General Counsel for ODOC, "grossly negligently advised Defendant Brown throughout his decision-making process" regarding Plaintiff's claims asserted in a prior civil rights action filed in this Court, N.D. Okla. Case No. 08-CV-685-CVE-TLW.[3] See Dkt. # 6 at 9-10. This claim fails to state a claim upon which relief may be granted, and, for that reason, shall be dismissed.

---

[3]The docket sheet for Case No. 08-CV-685-CVE-TLW demonstrates that in an Opinion and Order filed May 3, 2012 (Dkt. # 138), the Court approved the defendants' plan to accommodate Plaintiff's request for NGE chapel time. Judgment (Dkt. # 139) was entered in favor of Plaintiff on his RLUIPA claim requesting chapel time for his NGE group, and in favor of the defendants on all remaining claims. On February 29, 2013, the Tenth Circuit Court of Appeals affirmed the Court's resolution of Plaintiff's claims, see Dkt. # 157.

First, under the facts alleged, Defendants Anderson and Oakley had no duty of care to Plaintiff, a third party, in advising their client, ODOC Chaplain Brown.[4] Therefore, Plaintiff has failed to state an actionable third-party claim against Defendants Anderson and Oakley. Furthermore, Plaintiff's claim against attorneys Anderson and Oakley is based on the allegation that those attorneys "grossly negligently advised" Chaplain Brown regarding Plaintiff's request for space and time for the NGE group in his facility's chapel. That claim, sounding in negligence, is not cognizable under 42 U.S.C. § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (stating that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); Daniels v. Williams, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). The Court recognizes that, in his response, Plaintiff states that Defendants Anderson and Oakley acted with "deliberate indifference" in providing advice to Defendant Brown. See Dkt. # 53 at 14-15. However, that statement is wholly conclusory and unsupported by the allegations of the amended complaint. For the foregoing reasons, Count 4 as alleged in the amended complaint fails to state a claim upon which relief may be granted. Therefore, Defendants' motion to dismiss shall be granted as to Count 4 and that claim shall be dismissed without prejudice.

---

[4]Oklahoma law premises potential third-party liability of attorneys on allegations of a clear, actionable breach of the duty of ordinary care by an attorney to his/her client which, foreseeably harming a third-party, gives rise to an additional duty of care imposed on the attorney to avoid such third-party harm. See Whitehead v. Rainey, Ross, Rice & Binns, 997 P.2d 177, 181 (Okla. Civ. App. 1999) (discussing Hesser v. Central Nat'l Bank & Trust Co., 956 P.2d 864 (Okla. 1998) (finding that where an attorney failed to obtain execution of testatrix' will, the plaintiff/will-beneficiary arguably suffered foreseeable harm), and Bradford Secs. Processing Servs., Inc. v. Plaza Bank and Trust, 653 P.2d 188 (Okla. 1982) (finding actionable claim for relief by third-party who foreseeably relied to his detriment on attorney's negligent preparation of a bond opinion)).

13

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment (Dkt. # 29) is **granted** as to Counts 1, 2, and 3 of the amended complaint.  Those counts are **dismissed with prejudice**.

2. Defendants' motion to dismiss (Dkt. # 30) is **granted** as to Count 4 of the amended complaint.  That count is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. This is a final Order terminating this action.

4. A separate Judgment shall be entered in favor of Defendants.

5. Plaintiff remains obligated to continue making monthly payments until the balance owed on the filing fees for this case has been paid in full. Plaintiff's current balance is $783.93.

DATED THIS 22nd day of March, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT